**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3856-17T2

PAONESSA COLON & RECTAL
SURGERY, PC,

      Plaintiff-Respondent,

v.

CERNERO CHILDREN'S TRUST and
JMC MANAGEMENT GROUP, LLC,

      Defendants/Third-Party
      Plaintiffs-Appellants,

v.

NINA PAONESSA, Individually and
as Guarantor of Paonessa Colon &
Rectal Surgery, PC,

      Third-Party Defendant-
      Respondent.

_____

Submitted June 5, 2019 – Decided June 14, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0825-15.

James F. Weber, attorney for appellants.

McOmber & McOmber, PC, attorneys for respondents
(R. Armen McOmber, of counsel and on the brief).

PER CURIAM

This appeal stems from a commercial lease. The lease provided that if a party had to retain an attorney to enforce any lease provision, the other party would be liable for reasonable costs and attorney's fees. Due to the landlord's anticipatory breach of the lease, plaintiff, Paonessa Colon & Rectal Surgery, PC, the tenant, retained an attorney who successfully filed a declaratory judgment action and obtained a summary judgment order enforcing the lease as written. The summary judgement is not challenged on this appeal. In separate orders, the court awarded plaintiff counsel fees and costs and denied defendants' motion for reconsideration.

Defendants, Cernero Children's Trust (Cernero), the landlord, and JMC Management Group, LLC (JMC), appeal from an order that denied reconsideration of the order awarding plaintiff attorney's fees. They argue that the lease term that provides for fees requires an actual breach or violation of the lease. We disagree.

The lease provision at issue, paragraph thirty-five, states in relevant part:

> In the event that Landlord must retain an attorney to collect rent, enforce any provision of this Lease, successfully defend any action brought by or on behalf of Tenant, or regain possession of the premises, Tenant shall be liable to Landlord for all reasonable costs and attorney

2

fees associated therewith and actually incurred. In the event that Tenant must retain an attorney <u>to enforce any provision of this Lease</u> or successfully defend any action brought by or on behalf of Landlord, Landlord shall be liable for all reasonable attorney fees associated therewith and actually incurred.

(Emphasis added).

In his written statement of reasons for awarding plaintiff attorney's fees, Judge Dennis R. O'Brien rejected defendants' argument based on the unambiguous language of the "fully integrated lease." Judge O'Brien would "not read language into the terms of the lease." Rather, the judge enforced the lease as written.

We affirm, substantially for the reasons expressed by Judge O'Brien. Defendants' arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3856-17T2